UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>               Plaintiff,<br>v.<br><br>LUKE HILLMAN, *et al.*,<br><br>               Defendants. | CASE NO. 3:24-cv-05764-BHS<br><br>ORDER RENOTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT BE FILED |

The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On September 10, 2024, Plaintiff filed a proposed civil Complaint and an Application to Proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkt. 1, 1-1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

1    **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is unemployed. *See* Dkt.
2    1 at 1. As of September 9, 2024, Plaintiff states he has $100.00 cash on hand and $600.00 in
3    bank accounts. *Id*. at 2.

4    **Review of the Complaint.**  The Court has carefully reviewed the proposed Complaint in
5    this matter. Because Plaintiff filed this proposed Complaint *pro se*, the Court has construed the
6    pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los*
7    *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

8    In the proposed Complaint, while it is unclear, Plaintiff is seemingly seeking relief for
9    civil rights deprivations at the hands of various actors. Dkt. 1-1.

10   ***Sua Sponte* Dismissal – Standard on Rule 12(b).**  Pursuant to Federal Rule of Civil
11   Procedure 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of
12   personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of
13   process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a
14   party under Rule 19." Under Rule 12(b)(6), a federal court may dismiss a case *sua sponte* when
15   it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v.*
16   *Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua*
17   *sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the
18   claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S.
19   296, 307–08 (1989) (there is little doubt a federal court would have the power to dismiss
20   frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint
21   is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221,
22   1228 (9th Cir. 1984).

23

24

**Analysis of Plaintiff's Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the allegations in the proposed Amended Complaint are not coherent. The proposed Amended Complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 1-1. Plaintiff does not provide factual allegations explaining how his rights were violated and the alleged wrong-doing of each Defendant. While Plaintiff appears to be raising claims of false arrest and kidnaping, again, the circumstances of Plaintiff's claims are unclear. *See id*. In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). At this time, the Court finds Plaintiff should be afforded an opportunity to amend his proposed Amended Complaint to try to state a claim. Plaintiff's proposed amended Complaint, if any, should be filed on or before November 1, 2024.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).